| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, COLORADO<br>Court Address:   1100 Judicial Center Drive<br>                        Brighton, CO 80601 | DATE FILED: February 5, 2021 10:40 AM<br>FILING ID: 3786949AFC886<br>CASE NUMBER: 2021CV30159 |
| Plaintiff:     FRANKLIN JACKSON<br><br>Defendants: LOYA INSURANCE COMPANY and<br>                  STATE FARM MUTUAL AUTOMOBILE<br>                  INSURANCE COMPANY | ▲COURT USE ONLY▲ |
| Robert E. Markel, #12401<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Telephone:  (303) 757-3300<br>Facsimile:  (303) 759-5203<br>E-Mail:  markelb@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Franklin Jackson, by and through his attorneys, for his Complaint for damages, states and alleges as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff is an individual and resident of the County of Adams, State of Colorado.

2.      Defendant Loya Insurance Company (hereinafter "Loya") is an insurance company authorized to do business as an insurance company in the State of Colorado, and does business within the County of Adams, State of Colorado.

3.      Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is an insurance company authorized to do business as an insurance company in the State of Colorado, and does business within the County of Adams, State of Colorado.

4.      Venue is proper in this action pursuant to C.R.C.P. 98.

5.      On March 6, 2019, at approximately 7:38 p.m., Plaintiff was involved in a motor vehicle collision which occurred on East 60th Avenue near the intersection with U.S. Highway 85

in the City of Commerce City, County of Adams, State of Colorado.

6.     At the time of the above-referenced motor vehicle accident, Plaintiff was a passenger in a 2010 Chevrolet Colorado operated by Raymond Vigil traveling westbound in the first of two left turn lanes to turn southbound onto Highway 85.

7.     At the same time, Cory Scott was operating a motor vehicle traveling westbound on 60th Avenue in the second of the two left turn lanes to turn southbound onto Highway 85.

8.     Mr. Scott attempted to make a U-turn rather than a left turn and drove into the path of the vehicle operated by Mr. Vigil.

9.      The front of the vehicle operated by Mr. Vigil collided into the side of the vehicle operated by Mr. Scott.

10.     As a result of the subject collision, Plaintiff suffered severe injuries to his person, and incurred necessary, reasonable, and accident-related medical bills.

11.     On the date of the above-referenced motor vehicle collision, Cory Scott operated his motor vehicle negligently, recklessly, carelessly, in disregard for the traffic regulations then in effect and the traffic conditions then encountered, and in disregard for the rights and safety of Plaintiff and the public at large.

12.     Raymond Vigil was not negligent in the above-referenced motor vehicle collision.

13.     By check dated May 13, 2020, Mr. Scott's bodily injury liability insurance company, Consumers County Mutual Insurance Company, paid the limits of its liability insurance coverage of $50,000 to Plaintiff pursuant to a settlement with Plaintiff on his claims against Mr. Scott.

14.     Plaintiff entered into the settlement with Mr. Scott and Consumers County Mutual Insurance Company with each Defendant's consent.

15.     The settlement with Mr. Scott and Consumers County Mutual Insurance Company did not fully compensate Plaintiff for the serious injuries he suffered in the subject accident.

16.     Sometime prior to the accident, Cheryl Esquivel entered into a contract with Loya for the purpose of obtaining automobile insurance on the 2010 Chevrolet Colorado involved in the subject accident, which policy includes coverage for claims involving uninsured and underinsured motorists.

17.     Sometime prior to the accident, Cristy Terrazas entered into a contract with State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists.

2

18.     At all times pertinent to the within action, all the premiums as required under both contracts for insurance were paid to Defendants.

19.     At the time of the subject accident, Plaintiff was occupying the 2010 Chevrolet Colorado and so is an insured person under the terms of Loya's policy.

20.     Plaintiff is related to Cristy Terrazas, and at the time of the subject accident, he was residing with her and so he is an insured person under the terms of State Farm's policy.

21.     As to the applicability of other UIM coverage, the Loya policy states as follows:

> If there is other applicable similar insurance available under more than one policy or provision of coverage:
> 1. Any insurance we provide with respect to a vehicle:
>    a.   You do not own, including any vehicle while used as a temporary substitute for "your covered auto"; or
>    b.   Owned by you or any "family member" which is not insured for this coverage under this policy;
>    shall be excess over any collectible insurance providing such coverage on a primary basis.

22.     The Chevrolet Colorado occupied by Plaintiff at the time of the subject accident was a vehicle insured under the terms of the Loya policy and so Loya's UIM coverage is not excess coverage under the above-quoted provision of the policy.

23.     As to the applicability of other UIM coverage, the State Farm policy states as follows:

> If Other Uninsured Motor Vehicle Coverage Applies
> 1. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for *bodily injury* sustained by an *insured* while *occupying* a motor vehicle that is:
>    a.   *owned by* either *you* or a *resident relative*; and
>    b.   described on the Declarations Page of a vehicle policy providing liability coverage issued by the *State Farm Companies*.

24.     The Chevrolet Colorado occupied by Plaintiff at the time of the subject accident was not a vehicle insured under the terms of the State Farm policy and so State Farm's UIM coverage is not primary coverage under the above-quoted provision of the policy.

25.     Plaintiff, through his attorneys, has provided medical records, medical bills, and other information to Defendants in support of Plaintiff's claim for underinsured motorist (UIM) benefits under each of Defendants' policies.

## FIRST CLAIM FOR RELIEF
### (*Breach of Contract against Loya*)

26.     Plaintiff incorporates all prior allegations as though fully set forth herein.

27.     Plaintiff has made a claim for payment of UIM insurance benefits to Loya following the subject accident under the terms of Loya's insurance policy/contract.

28.     Plaintiff fully and reasonably cooperated with Loya in connection with his insurance claim.

29.     Pursuant to the terms of the respective policies, the UIM coverage under the Loya policy is primary over the UIM coverage of the State Farm policy.

30.     Plaintiff is an intended beneficiary of Loya's insurance policy/contract and is therefore entitled to enforce its terms.

31.     Under the contract of insurance, Loya is liable to Plaintiff for the damages he is legally entitled to collect from Mr. Scott which he has not recovered from him or from his insurer. This includes compensatory damages for medical bills, physical pain and suffering, emotional distress, and other such injuries and damages as will be fully set forth in the course of this litigation and which are direct and proximate results of the subject motor vehicle collision.

32.     As a further direct and proximate result of the subject motor vehicle collision, Plaintiff has incurred, and continues to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest.

33.     Loya's failure to fully compensate Plaintiff on his claim for UIM insurance benefits is a breach of the insurance contract.

34.     Loya's breach of contract has caused Plaintiff injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
### (*First Party Statutory Claim Pursuant to C.R.S. § 10-3-1115 against Loya*)

35.     Plaintiff incorporates all prior allegations as though fully set forth herein.

36.     In a telephone conversation on December 11, 2019, with Plaintiff's attorney, an adjuster for Loya, Angie Ibarra, asserted that the UIM coverage through State Farm is primary over the Loya policy since Plaintiff is an insured person under the State Farm policy, and under Colorado law UIM coverage on the injured person is primary over the UIM coverage on the vehicle involved in the accident.

37.     No statute or court decision in Colorado provides that UIM coverage on the injured person is primary over the UIM coverage on the vehicle involved in a motor vehicle accident.

38.     By letter dated December 11, 2019, Plaintiff's attorney disputed Ms. Ibarra's position on the primacy of UIM coverage and provided to her a copy of the page from the State Farm policy with the provision that its UIM coverage was not primary.

39.     In a telephone conversation on January 2, 2020, with Plaintiff's attorney, Ms. Ibarra again asserted that State Farm has primary UIM coverage despite the language in the State Farm policy and said she would confer with State Farm on that matter.

40.     By letter dated January 2, 2020, Plaintiff's attorney requested that if Ms. Ibarra continued to assert that the Loya coverage is not primary, she provide the language from the Loya policy as to when its UM/UIM coverage is and is not primary.

41.     By letter dated January 10, 2020, to Plaintiff's attorney, Ms. Ibarra claimed she had confirmed that the UIM coverage between Loya and State Farm will apply concurrently.

42.     On January 15, 2020, Plaintiff's attorney sent an email to Ms. Ibarra stating that State Farm had not agreed at that time to apply its UIM coverage concurrently with Loya. Plaintiff's attorney requested that copies of the Loya policy be provided to State Farm and him.

43.     In an exchange of emails on January 16 and 17, 2020, with Plaintiff's attorney, Ms. Ibarra claimed she was trying to contact the adjuster at State Farm and that Plaintiff's attorney had already been provided the Loya policy in April 2019. Plaintiff's attorney informed Ms. Ibarra that he could not confirm the policy had been received by his office at that time. Ms. Ibarra provided a copy of the Loya policy to Plaintiff's attorney on January 17, 2020.

44.     In a letter dated January 17, 2020, Loya made an offer of $10,000 in UIM benefits to Plaintiff.

45.     By letter dated January 22, 2020, Plaintiff's attorney requested that, in light of the offer of UIM benefits, Ms. Ibarra confirm if she agreed that Loya has primary UIM coverage. Plaintiff's attorney also requested that Loya pay to Plaintiff the amount of its offer.

46.     By letter dated January 29, 2020, Ms. Ibarra advised that Loya had not determined that it was the primary UIM carrier. Ms. Ibarra also advised that payment of the $10,000 offer had been sent.

47.     In a letter dated February 12, 2020, to Ms. Ibarra, Plaintiff's attorney advised Loya that based on the language in the two policies, the Loya policy appeared to be the primary UIIM carrier and asked Loya explain why it was not able to determine primacy.

48.     By email sent on February 24, 2020, Ms. Ibarra advised Plaintiff's attorney that the primacy matter was under review and she would follow up shortly.

49.     By letter dated June 22, 2020, Plaintiff's attorney inquired of Ms. Ibarra if Loya had confirmed that its coverage was primary. Plaintiff's attorney also stated that Loya must have evaluated the UIM claim at a minimum of $20,000 and so issued a payment of $10,000 based on the incorrect position State Farm was co-primary, and so requested that Loya immediately pay its remaining UIM policy limits.

50.     By letter dated July 3, 2020, to Plaintiff's attorney, Ms. Ibarra again asserted that the Loya and State Farm policies provided concurrent UIM coverage and refused to pay any additional UIM benefits to Plaintiff.

51.     Loya is required to promptly determine if its UIM coverage is primary when there is other available coverage.

52.     Loya has repeatedly taken the position that its UIM coverage either is not primary or is concurrent with State Farm despite the clear language of State Farm's policy and its policy that its coverage is in fact primary alone.

53.     Loya has determined a value for Plaintiff's UIM claim.

54.     Loya agrees that Plaintiff's UIM claim has a value of at least $20,000.

55.     Loya has unreasonably delayed payment of $10,000 to Plaintiff.

56.     Loya has unreasonably denied payment of $10,000 to Plaintiff.

57.     Loya has continued to earn income on the $10,000 it is withholding from Plaintiff.

58.     C.R.S. § 10-3-1115(1)(a) provides that an insurer shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

59.     Plaintiff is a first-party claimant within the meaning of C.R.S. § 10-3-1115(b)(I).

60.     By its course of conduct described above, Loya has delayed and denied Plaintiff's claim for payment of UIM benefits without a reasonable basis.

61.     Loya's delay and denial in payment of UIM benefits to Plaintiff is in violation of C.R.S. § 10-3-1115.

62.     Loya's violation of C.R.S. § 10-3-1115 caused Plaintiff to suffer injuries, damages, and losses, including those amounts recoverable under C.R.S. § 10-3-1116(1), in an amount to be

determined at trial.

63.     In accordance with C.R.S. § 10-3-1116, and in addition to the other claims and damages sought herein, Plaintiff is entitled to recover from Loya two times the covered UIM benefit plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (*Insurance Bad Faith against Loya*)

64.     Plaintiff incorporates all prior allegations as though fully set forth herein.

65.     Loya owed and continues to owe to Plaintiff a duty of good faith and fair dealing in reviewing, evaluating, adjusting, and paying Plaintiff's insurance claim and in all of its dealings with Plaintiff.

66.     Loya has breached, and continues to breach its duty of good faith and fair dealing by engaging in the following:

      a.    Delaying and denying payment of UIM benefits to Plaintiff despite clear evidence that such benefits were owed;

      b.    Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;

      c.    Favoring its own interests over those of Plaintiff, an insured and/or beneficiary under the subject policy;

      d.    Incompetently or inadequately evaluating Plaintiff's claim;

      e.    Continuing to refuse to pay the full amount of Plaintiff's insurance claim.

67.     Loya's actions are unreasonable.

68.     Loya knew and knows its conduct was unreasonable and/or recklessly disregarded the fact that its conduct was unreasonable.

69.     Loya's actions constitute willful violations of one or more provisions of C.R.S. §§ 10-3-1104(1)(h)(I) through (XIV).

70.     Loya has engaged in a pattern and practice of adjusting claims in a manner that is in bad faith and a direct violation of the Unfair Claims Settlement Practices Act.

71.     As a direct and proximate result of Loya's bad faith conduct, Plaintiff has sustained, and continues to sustain, injuries, damages, and losses.

## FOURTH CLAIM FOR RELIEF
### (*Breach of Contract against State Farm*)

72.     Plaintiff incorporates all prior allegations as though fully set forth herein.

73.     Plaintiff has made a claim for payment of UIM insurance benefits to State Farm following the subject accident under the terms of State Farm's insurance policy/contract.

74.     Plaintiff fully and reasonably cooperated with State Farm in connection with his insurance claim.

75.     Plaintiff is an intended beneficiary of State Farm's insurance policy/contract and is therefore entitled to enforce its terms.

76.     In the event it is determined State Farm's coverage is concurrent with Loya, State Farm must pay UIM benefits to Plaintiff.

77.     Under the contract of insurance, State Farm is liable to Plaintiff for the damages he is legally entitled to collect from Mr. Scott which he has not recovered from him, from Mr. Scott's insurer, or from Loya. This includes compensatory damages for medical bills, physical pain and suffering, emotional distress, and other such injuries and damages as will be fully set forth in the course of this litigation and which are direct and proximate results of the subject motor vehicle collision.

78.     As a further direct and proximate result of the subject motor vehicle collision, Plaintiff has incurred, and continues to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest.

79.     State Farm's failure to compensate Plaintiff on his claim for UIM insurance benefits is a breach of the insurance contract.

80.     State Farm's breach of contract has caused Plaintiff injuries, damages, and losses.

WHEREFORE, Plaintiff prays for judgment against Defendants for all general damages, special damages, statutory damages, for all statutory and necessary costs and expenses including, but not limited to costs and expenses incurred or to be incurred regarding expert witness fees and the investigation and discovery required to present, including but not limited to:

A.      Compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses sustained as a result of the collision including, but not limited to, all economic and noneconomic damages he has incurred to the present time and which he will probably have in the future in excess of the limits of the bodily injury coverage and the UIM payment he has received;

B.      For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses resulting from Loya's

tortious actions including, but not limited to, all economic and noneconomic damages Plaintiff has incurred and which he will probably have in the future;

C.      For interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to C.R.S. §§ 13-21-101 and 5-12-102;

D.      For specific performance of the insurance contracts;

E.      For double damages, costs and attorney fees as provided by Colorado law;

F.      For such other and further relief as this Court deems just and proper.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By:   */s/ Robert E. Markel*
Robert E. Markel Reg. No. 12401
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
1869 Coronado Parkway #207
Denver, CO 80229